United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,

v.

GETHSEMANE PITA,
Defendant.

Case No. 20-cr-00470-SI-1

**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

Re: Dkt. No. 47

Defendant Gethsemane Pita has filed a motion, pro se, for early termination of his supervised release, pursuant to 18 U.S.C. § 3583(e)(1). Dkt. No. 47.

Under that statute, the Court considers the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7),[1] and may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

After pleading guilty to felon in possession of a firearm and ammunition, 18 U.S.C. § 922(g)(1), Mr. Pita was sentenced to a term of imprisonment of 55 months followed by three years of supervised release. Dkt. No. 29 at 1-3. Mr. Pita's term of supervised release began on June 10,

[1] The factors referred to in 3553(a) "include the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002).

United States District Court
Northern District of California

2024, and is set to expire June 9, 2027. Dkt. No. 33.

After reviewing the docket in this case, the Court finds that early termination of supervised release is not warranted, in light of the nature of the offense and Mr. Pita's history on supervised release. The Court has reviewed the letters Mr. Pita filed in support of his motion and congratulates Mr. Pita on maintaining full-time employment and successfully completing mental health treatment and counseling. Nevertheless, the Court is not inclined to end Mr. Pita's supervision with just about eight months remaining on his term. Mr. Pita's motion for early termination of supervised release is denied.

**IT IS SO ORDERED**.

Dated: October 1, 2026

Susan Illston

SUSAN ILLSTON
United States District Judge